## Richmond

DAVID FLEMING MONTGOMERY V. COMMONWEALTH OF VIRGINIA.

November 26, 1973.

Record No. 8267.

Present, All the Justices.

*Max Jenkins* (*John M. Goldsmith; Goldsmith & Jenkins,* on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General* ( *Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

David Fleming Montgomery, defendant, was found guilty of first degree murder and was sentenced to life imprisonment in accord with a jury verdict. We granted him a writ of error.

Defendant's main contentions are that the trial court erred in refusing to grant his motions for mistrial based upon the admission of certain prejudicial testimony and the making of a prejudicial statement by the Commonwealth's Attorney in his summation to the jury.

The sufficiency of the evidence to prove first degree murder is not in issue. The evidence shows that on July 20, 1972, at about 2:30 a.m. defendant, without provocation, shot and killed James Everette

"Buck" Fields at Big Stoney Creek in Giles County. Death was caused by two shots in the head from a .357 magnum pistol. Montgomery did not testify.

At the trial, the Commonwealth produced George Jennelle as a witness. He testified that Montgomery stopped by his service station on the day of the murder after it had been reported that Field's body had been found, and that he and Montgomery engaged in a conversation about Fields. Jennelle stated that he remarked, "Dave, it was bad about Buck, wasn't it?", and Montgomery replied, "Yeah, it was. He must have knew too much." Jennelle asked the Commonwealth's Attorney, "[D]o you want the whole conversation that we had?" The Commonwealth's Attorney responded, "Yes, the conversation you had with David Montgomery."

Jennelle then testified, "All right, he made that statement, and then we got to talking about Buck, and at the time Dave told about the time he killed a man in prison with a bar bell weight in the back." Counsel for defendant objected to this testimony on the ground that it was highly prejudicial because defendant was not on trial for killing a man in prison. Counsel also moved for a mistrial. The trial court sustained the objection, instructed the jury to disregard the statement, but did not grant a mistrial.

Later, David Havens, a witness for the Commonwealth, was asked on direct examination how long he had known David Montgomery. He responded, "Since last time he got out of the penitentiary." Counsel for defendant objected to this testimony and again asked for a mistrial. The court overruled the motion for a mistrial, but directed the jury not to consider the statement.

Upon further direct examination, Havens testified that while he was riding in Montgomery's car during the early morning of July 20, he heard Montgomery and Fields discuss "getting" dynamite at a lime plant in the Big Stoney Creek area of Giles County. When asked why Montgomery wanted dynamite, Havens responded, "They was talking about blowing up the jail in Pearisburg the next night." Counsel for defendant objected to this statement, moved that it be stricken, and renewed his motion for a mistrial. The objection was overruled.

In *Kirkpatrick v. Commonwealth*, 211 Va. 266, 272, 176 S.E.2d 802, 805 (1970), we said:

"The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of

the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. It is also well established that evidence of other offenses should be excluded if offered merely for the purpose of showing that the accused was likely to commit the crime charged in the indictment. However, the exceptions to the general rule are equally as well established. Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part. Frequently it is impossible to give a connected statement showing the crime charged without incidental reference to such contemporaneous and similar crimes and where there is only such incidental disclosure of other offenses." (citing cases). See also *Minor* v. *Commonwealth*, 213 Va. 278, 280, 191 S.E.2d 825, 827 (1972).

In our view, none of the exceptions to the general rule stated above is applicable to the questioned testimony of Jennelle and Havens. Jennelle's testimony concerning a prior killing of a man in prison by defendant was completely unconnected with the murder of "Buck" Fields. Havens' statement that he had known defendant "[s]ince last time he got out of the penitentiary" told the jury that defendant had been previously sentenced to the penitentiary for the commission of crimes unrelated to the offense on trial. Havens' other statement concerning a conversation he heard between Montgomery and Fields about blowing up the Pearisburg jail was irrelevant to the crime charged in the indictment. These statements were prejudicial and not admissible in evidence.

Although the trial court instructed the jury to disregard the first two statements mentioned above, we find that the "illegal evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict." *Asbury* v. *Commonwealth*, 211 Va. 101, 124, 175 S.E.2d 239, 241 (1970). The trial court, therefore, erred in

failing to grant defendant's motions for mistrial based upon the admission of the prejudicial testimony.

In his closing argument to the jury, the Commonwealth's Attorney made the statement that "this killing that went on on Big Stoney Creek, is a gang-land type killing." Counsel for defendant made a timely objection and again moved for a mistrial because there had been no evidence that this was a "gang-land killing." The motion was overruled.

While we do not give approval to the statement made by the Commonwealth's Attorney that this was a "gang-land type killing," it was no more than a description of the cold brutality of the murder and did not constitute reversible error.

We have considered the other questions to which defendant's writ of error was limited and find that they are without merit.

For the reasons stated, the judgment appealed from will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*