## Richmond

### EDITH MARSHALL BROOKS

### v.

### COMMONWEALTH OF VIRGINIA

October 5, 1979.

Record No. 781756.

Present: All the Justices.

*Martin Randolph Shelton* for appellant.

*Robert H. Herring, Jr., Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Edith Marshall Brooks, defendant, was convicted by a jury on four felony indictments charging that she obtained public assistance money

to which she was not entitled by means of willful false statements in violation of Code § 63.1-124, as amended. Defendant was also convicted on four misdemeanor indictments charging that while obtaining public assistance funds, she received funds that materially affected her eligibility or the amount of assistance she could lawfully receive and failed to notify the local board of such change in violation of Code § 63.1-112, as amended. The jury fixed her punishment at six months in jail on each of the misdemeanor convictions and one year on each of the felony convictions. The trial court sentenced defendant on two of the felony convictions and two of the misdemeanor convictions and suspended the imposition of sentences on the other convictions.

We granted defendant a writ of error limited to the question whether the trial court erred in admitting evidence of defendant's prior convictions for similar offenses.

The evidence shows that the defendant, who was separated from her husband, received welfare assistance for her support and that of her six minor children in August, November, and December 1977 and February 1978, among other months. As a condition of receiving the payments, defendant pledged to notify immediately the local social service bureau of any change in her income or financial circumstances. Although the social welfare worker told the defendant on several occasions that it was her duty to report any change in her financial situation, she did not do so. In fact, when questioned by a representative of the social service bureau, she denied receiving monies from her estranged husband during the periods she was drawing welfare funds.

Defendant testified that she had received funds from her husband while receiving welfare payments. She said, however, that she did not report the payments because she believed they were gifts and did not constitute support. Thus, she concluded that she "didn't feel that legally [she] had to tell" the social worker that she was receiving payments. She further testified that she did not tell the social worker she had received money from her estranged husband because she felt she "was being discriminated against and . . . [consequently] rebelled."

On cross-examination, defendant admitted that she had been convicted on four charges of welfare fraud one month before the first of the offenses on which she was charged in the present case.

Defendant argues that it was error to admit into evidence her prior convictions for welfare fraud because it constituted an attack on her character even though she had not put her character into evidence. We do not agree.

Generally, evidence establishing that a defendant has committed an unrelated crime is inadmissible against him. *King* v. *Commonwealth,* 217 Va. 912, 914, 234 S.E.2d 67, 69 (1977); *Montgomery* v. *Commonwealth,* 214 Va. 343, 200 S.E.2d 577 (1973). We have consistently held, however, that evidence of other offenses is admissible in order to establish facts such as intent, motive, or knowledge of the accused if such facts are related to the offense for which accused is on trial. *Kirkpatrick* v. *Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Walker* v. *Commonwealth,* 28 Va. (1 Leigh) 574, 578 (1829). Moreover, "[w]here a material element of the crime is the fraudulent intent of the accused both the Commonwealth and the accused are allowed broad scope in introducing evidence with even the slightest tendency to establish or negate such intent," including evidence of similar frauds. *Bourgeois* v. *Commonwealth,* 217 Va. 268, 273, 227 S.E.2d 714, 718 (1976). *Accord, Hubbard* v. *Commonwealth,* 201 Va. 61, 67, 109 S.E.2d 100, 105 (1959).

The prior convictions of welfare fraud only one month prior to the first of the offenses involved in the present case fall within the exception to the general rule. Under Code § 63.1-112 and § 63.1-124, the Commonwealth had to prove that the defendant willfully made false statements or willfully failed to notify the authorities of changes in her financial circumstances. Evidence concerning the prior convictions of the recent and similar offenses is probative of the issue of fraudulent intent. It indicates an awareness of the duty to report all income and indicates a pattern of conduct evidencing an intent to defraud. Thus, defendant's prior convictions were admissible for the purpose of showing fraudulent intent.

For the reasons stated, the judgment of the court below is

*Affirmed.*