## Richmond

### JOHN MARSHALL BROWN, JR.

### V.

### COMMONWEALTH OF VIRGINIA

September 11, 1981.

Record No. 801800.

Present: All the Justices.

*Scott H. Swan . (Wood, Swan & Dawson*, on brief), for appellant.

*Eric K. G. Fiske, Assistant Attorney General (Marshall Coleman, Attorney General,* on. brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Tried by a jury, John Marshall Brown was convicted of grand larceny of an automobile and sentenced to five years in the penitentiary. We consider in this appeal whether the trial court erred in admitting evidence of Brown's prior arrest and conviction for automobile larceny.

On May 2, 1980, the police stopped a stolen automobile occupied by Brown and his stepbrother, Kenneth Grant, the driver. After being read his *Miranda* rights, Brown answered questions posed by Officer Randall.

The trial court, over Brown's objection, permitted Randall to testify as follows:

> Q. After advising him of these rights, did the defendant make any statement to you?
>
> A. Yes, sir. I asked him a number of questions as to where he was, where he lived, and telephone numbers, etc., and then I asked him who the other party was with him in the car. He said it was his stepbrother and he was giving him a ride. I asked him where from? He said, He picked me up at Hull Street next to Skateland. He was going home to Orcutt Lane. I then asked him if he had ever been arrested before? He said, Yes, he was arrested about four years ago; that he was on probation now. I asked him what for? He said, Auto theft.

Brown testified that his stepbrother picked him up at Brown's house and that he did not know the automobile was stolen. On cross-examination, the Commonwealth's Attorney, again over Brown's objection, was permitted to question Brown concerning his statement to Randall about the prior conviction.

In closing argument, the Commonwealth's Attorney said in part:

> Mr. Randall tells you at some point he [Brown] tells him four years ago I was in trouble for car theft. So, we know

this defendant does indeed know how to steal a car. He is skilled, so to speak, in hot wiring . . . .

As a general rule, evidence that an accused committed crimes at other times is inadmissible for the purpose of showing his guilt of the offense charged. *Moore* v. *Commonwealth,* 222 Va. 72, 278 S.E.2d 822 (1981); *Montgomery* v. *Commonwealth,.* 214 Va. 343, 345, 200 S.E.2d 577, 578 (1973); *Eccles* v. *Commonwealth,* 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973); *Kirkpatrick* v. *Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). We have noted that there are exceptions to this rule:

> Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part . . . .

*Kirkpatrick,* 211 Va. at 272, 176 S.E. 2d at 805.

None of the above exceptions is applicable in the present case. Brown's conviction of automobile theft four years earlier was in no way related to the present offense. Permitting the jury to consider this prior unrelated conviction invited it to conclude that since Brown stole an automobile previously he would do so again. The Commonwealth's Attorney's closing argument encouraged this line of reasoning. This is the very evil which the rule seeks to prevent, and we are of opinion that, by permitting the jury to consider Brown's prior offense, the trial court committed reversible error.

Therefore, the judgment appealed from will be reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*