Commonwealth of Virginia

v.

Melvin Jones

November 5, 1982

Case No. F-82-1269

By JUDGE EDWARD L. RYAN, JR.

Even if it is shown that defendant had an inclination or predisposition to rob small convenience stores, and even if a total exclusivity is shown therefor, and even if it is shown that the mode and approach to the victim-in-charge is the same, does this mean that defendant's conduct falls within the exceptions outlined in *Brown* v. *Commonwealth*, 222 Va. 571 (1981), and *Hagy* v. *Commonwealth*, 222 Va. 599 (1981)?

These cases first establish that "As a general rule, evidence that an accused committed crimes at other times is inadmissible for the purpose of showing his guilt of the offense charged." And this is so even though the crimes "are of the same nature as the one charged in the indictment." Also well-established is the rule that evidence of other offenses should be excluded "if offered merely for the purpose of showing that the accused was likely to commit the crime charged in the indictment." The exceptions to the general rule, however, are equally well-established and evidence of other offenses is admitted if:

1. It shows the conduct and feeling of the accused toward his victim, or,

2. It establishes their prior relations, or,

3. It tends to prove any relevant element of the offense charged, or,

4. The intent or knowledge of the accused is involved, or,

5. The evidence is connected with or leads up to the offense, or

6. The other crimes constitute a part of the general scheme of which the crime *is a part.*

In our case the Commonwealth showed that the three separate and distinct robberies with which the defendant is charged had in common:

a. They were all convenience stores,

b. They all occurred just before or after midnight,

c. That the robber first ordered an article of purchase (in two of the three instances, Newport cigarettes),

d. That the robber then presented a firearm and demanded the cash in the register,

e. Then ordered the employee to retire to the rear of the store, and

f. Then fled.

The court concludes that this case does not fall within the six exceptions to the general rule, as outlined above. The only arguable exception is No. 6, and it does not apply here as demonstrated by the following:

> Evidence of other crimes is competent . . . to prove the specific crime charged when it tends *to establish* a *common* scheme, plan, or system embracing the commission of two or more crimes *so related to each other* that proof of one tends to establish the others . . . . In other words, the law permits proof of a *plan* or *scheme* to commit a series of crimes including the one for which the accused is being tried, as tending to show the existence of such plan or scheme, it allows testimony of the commission of crimes other than the one charged, *but* so related in *character, time,* and *place* of commission as to tend to support the conclusion that there was a plan or system which embraced both them and the crime which is charged. *Where one crime is committed to prepare the way for another,*

*and the commission of the second crime is made to depend upon the perpetration of the first, the two become connected and related transactions, and proof of the commission of the first offense becomes relevant to show the motive for the perpetration of the second.* (Italics added) 29 Am. Jur. 2d, *Evidence,* § 326.

There is no evidence tending to show a common scheme or plan in the series of robberies under prosecution. Mere similarities do not prove a plan to commit crimes, all of which may have been committed by other persons.

*Dorantes* v. *Commonwealth,* 222 Va. 383 (1981), cited by the prosecution is not apposite or on point. There the evidence of other crimes was admissible because the defendant was on trial upon a charge of conspiracy. The very essence of a conspiracy is a plan or scheme, hence the specific exception to the general rule applied. This is not so in the present case.

## Consolidation

The court denies the motion to consolidate the three cases for trial because the crimes were not based on the same act or transaction and were not acts or transactions that were connected or constituted parts of a common scheme or plan. Rules of Court 3A:7 and 3A:13.