DANNY LAFORCE

v.

COMMONWEALTH OF VIRGINIA

No. 0012-91-3

Decided June 2, 1992

COUNSEL

(J. Thadieu Harris, III, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General; H. Elizabeth Shaffer, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from convictions of conspiracy to commit robbery and robbery. Evidence that the defendant had previously been convicted of stealing copper was admitted into evidence at his trial. We conclude that this evidence was inadmissible and that a cautionary instruction did not cure the error; therefore, we reverse.

During the defendant's jury trial, an accomplice testified that he, the defendant, and a third man were together one night when the subject of money arose and the third man suggested that the three rob a man for whom one of them worked. The prosecutor asked, "Did you disagree with that?" The accomplice responded, "Yeah . . . I told him, you know, that was not a good idea. We had been into a little copper where we had been convicted of before." Then the prosecutor asked, "When you say we, who are you talking about?" The accomplice answered, "Me and Danny [the defendant]."

Defendant objected to the accomplice's statement and moved for a mistrial on the basis that the accomplice had disclosed defendant's involvement in an unrelated crime. The court overruled defendant's motion, holding that the accomplice's statement was relevant because it showed the defendant's intent to commit the crime charged, his guilty knowledge of the purpose of the conspiracy, and negated an argument of good faith or that defendant was merely an innocent bystander.

Additionally, the court instructed the jury that it should not consider the accomplice's statement for the purpose of establishing the defendant's criminal character or his disposition to commit the crime charged, but only to establish an element of the Commonwealth's case (motive, intent, knowledge). The defendant did not take the stand or put on any evidence of his own.

Generally, evidence that an accused has committed an unrelated crime is inadmissible against him. *Brooks v. Commonwealth*, 220 Va. 405, 407, 258 S.E.2d 504, 506 (1979). Such evidence is admissible only if it is relevant to an issue or element in the case being tried. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

The accomplice's testimony did not indicate whether the conviction for having stolen copper was mentioned in the presence of the defendant and the third man while they were talking or whether it was an explanation given only in response to the prosecutor's question. If the statement was not made in the presence of the defendant, it could not be evidence of the defendant's intent to commit the crime or his "guilty knowledge of the purpose of the conspiracy." Without knowing that the statement was made in the presence of the defendant, the jury could not have concluded from it that the defendant intended to commit the crime or that he had guilty knowledge of the purpose of the conspiracy.

In addition, even if the statement was made in the defendant's presence at the time the idea of the robbery was suggested, as other evidence suggests, it does not indicate the defendant's intent to commit the crime charged nor does it reflect "his guilty knowledge of the purpose of the conspiracy." The mere reference to the prior conviction does not disclose the defendant's motive for committing the offenses for which he was on trial. Furthermore, the statement was not made by the defendant; therefore, it conveyed no information concerning the defendant's state of mind. The statement's meaning and relevance were, at best, ambiguous and provided no additional information to the jury from which they could conclude that the defendant had any guilty knowledge of the purpose of the conspiracy. The only manner in which this evidence rebutted the argument that the defendant was merely an innocent bystander was by demonstrating his predisposition to commit crime, an impermissible purpose.

Finally, the cautionary instruction did not cure the error because it permitted the jurors to consider the evidence for a purpose for which it could not be considered. Although the instruction admonished the jury not to consider evidence of the defendant's prior conviction as evidence of the defendant's predisposition to commit crime, it expressly permitted the jury to consider it for the purposes of showing motive, intent or knowledge. The evidence was not relevant to prove these qualities. The instruction erroneously permitted them to do so and did not cure the error of having admitted the evidence.

For these reasons, the judgments of conviction are reversed and the proceeding is remanded for a new trial.

*Reversed and remanded.*

Benton, J., and Duff, J., concurred.