COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


GEORGE ANDREW HOLLAND

v.         Record No. 0171-95-3        MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                     APRIL 23, 1996

             FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                     Frank I. Richardson, Jr., Judge

             Vikram Kapil, Assistant Public Defender, for
             appellant.

             Richard H. Rizk, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Steven A. Witmer, Assistant Attorney General,
             on brief), for appellee.


     On appeal from his conviction of brandishing a firearm in

violation of Code § 18.2-282, George Andrew Holland contends that

the trial court erred in denying his motion for a mistrial.  We

affirm the judgment of the trial court.

     During the trial, a witness for the Commonwealth testified

that Holland pulled a gun from his car and threatened her outside

of the Corner Market.  She testified that she told him, "You've

done killed before, but you're not going to do nothing to me.

I'm going to take you uptown to a white man."  Holland objected

to the witness' statement, arguing that any probative value it

had was far outweighed by its prejudicial effect on the jury.

His objection was overruled.  He did not ask for a cautionary

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

instruction or move for a mistrial.

At the close of all the evidence, Holland moved for a mistrial, contending that the witness' statement concerning a prior unspecified killing was inflammatory and prejudicial. The trial court denied the motion for a mistrial. Holland contends that this denial was error because the testimony was "illegal evidence [that] was so impressive that it probably remained on the minds of the jury and influenced their verdict." Montgomery v. Commonwealth, 214 Va. 343, 345, 200 S.E.2d 577, 579 (1973).

We do not reach the merits of whether the trial court erred in denying Holland's motion for a mistrial because the motion was not made timely.

> [I]f a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection. Making a timely motion for mistrial means making the motion "when the objectional words were spoken."

Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citations omitted), cert. denied, 503 U.S. 946 (1992). "A motion for mistrial is required to preserve such an issue for appeal even if an objection is made to the conduct or comments and is overruled by the trial court." Parker v. Commonwealth, 14 Va. App. 592, 596, 421 S.E.2d 450, 453 (1992).

Because Holland failed to move timely and specifically for a mistrial when the objectionable evidence was presented, he waived any objection to it on appeal. Rule 5A:18.

- 2 -

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
