COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


MAYS TATE, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 1774-95-2        JUDGE LARRY G. ELDER
JUNE 25, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
Timothy J. Hauler, Judge Designate

Scott Goodman for appellant.

Leah A. Darron, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Mays Tate, Jr. (appellant) appeals his convictions for

capital murder, first degree murder, second degree murder, three

counts of use of a firearm in the commission of the murders,

breaking and entering while armed with a deadly weapon, and grand

larceny of an automobile. Appellant contends (1) that the trial

court erred in allowing the Commonwealth to introduce evidence

that he was wanted for "violent crimes against people" in two

other counties at the time of the instant offenses, and (2) that

the evidence failed to support his convictions. We hold that the

trial court erred in allowing the Commonwealth to introduce too

many details about the other crimes that appellant allegedly

committed. We therefore reverse appellant's convictions and

remand for further proceedings if the Commonwealth be so advised.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

On May 31, 1992, the dead bodies of Clarence Stinson, Eva Roberta Stinson, and Gloria Stinson, who lived together in a house in rural Buckingham County, were discovered at their residence. In an upstairs bedroom, a dresser drawer had been removed and its contents dumped on the bed. The police located a pocketbook near the bodies outside and found money still inside of it. Witnesses testified that appellant possessed hundreds of dollars in cash on May 30, 1992. Evidence showed that appellant knew that Clarence Stinson kept up to $1,300 on his person and in his house when he lived with appellant's grandmother in 1990.

Appellant's brother, Jeffrey Tate, testified that in May 1992, he paid appellant close to $400 for work appellant had done for him. Appellant's brother, Wilson Tate, testified that on May 24, 1992, he gave appellant $300 to $500 to use for his move to Montana to be with his father and for payment for a car appellant sold to Wilson Tate.

Although a bloody footprint linked appellant to the crime scene, no evidence linked appellant to any firearms used in the murders, the Commonwealth did not prove the whereabouts of the specific murder weapons, and no testimony placed appellant at the Stinson house.

Over appellant's strenuous objections during pretrial hearings, Deputy Donnie Michael of the Greene County Sheriff's Office testified that on May 22, 1992, he was investigating

-2-

appellant in relation to "a crime of violence committed against a person" in Greene County.  Michael testified that he had been told that appellant had "fled the state."  Also over objection, Investigator David Carter of the Culpeper Police Department testified that three "crimes of violence" had been committed against individuals in Culpeper County on May 9, 18, and 22, 1992.  Carter stated that he was looking for appellant in connection with these crimes but that appellant "had fled" the jurisdiction.

The trial court cautioned the jury that it could not consider the officers' testimony as evidence of appellant's guilt.  Instead, the trial court admitted the testimony to show appellant's possible <u>motive</u> for the killings, namely, that appellant was on the run and looking for money to flee the area.

## II.

Appellant asserts that the Commonwealth's other crimes evidence was not probative in proving his motive.  Appellant also contends that if the other crimes evidence was probative, the trial court should not have allowed the Commonwealth's witnesses to testify specifically that appellant had committed "crimes of violence against another person."  Instead the trial court should have allowed witnesses to testify only that appellant had been "involved in criminal altercations."  Agreeing with appellant's second assertion, we hold that the trial court abused its discretion in not excluding this detail of the evidence.  <u>See</u>

Bunting v. Commonwealth, 208 Va. 309, 157 S.E.2d 204 (1967).

"The rule excluding other crimes evidence is deeply rooted in Virginia common law." Tucker v. Commonwealth, 17 Va. App. 520, 522, 438 S.E.2d 492, 493 (1993). Evidence of other independent acts, including criminal acts, is generally inadmissible unless offered to prove "motive, intent, plan, or scheme, or any other relevant element of the offense on trial." Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984)(emphasis added). Evidence that implicates an accused in other crimes unrelated to the offense for which the accused is being tried is inadmissible because it creates confusion of issues, causes unfair surprise, and causes undue prejudice. Boggs v. Commonwealth, 199 Va. 478, 488, 100 S.E.2d 766, 773 (1957). Thus, unless evidence of other crimes is relevant to prove a material fact, and its relevance outweighs its prejudicial effect, the evidence is inadmissible. "The responsibility for balancing these competing considerations is largely within the sound discretion of the trial judge." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

The fact that appellant's alleged prior crimes were violent crimes against individuals was irrelevant and had considerable tendency to prejudice the jury against appellant. See Henderson v. Commonwealth, 5 Va. App. 125, 127, 360 S.E.2d 876, 878 (1987). The trial court should not have allowed testimony to include the detail that the alleged prior crimes involved violence against

-4-

individuals, as this detail was more prejudicial than probative. The Commonwealth, for example, adequately could have shown appellant's motive to steal the Stinson's money by simply eliciting testimony that appellant was under suspicion for committing "serious" crimes in other counties and was on the run from authorities in those counties.

The Commonwealth asserts that no error could have arisen because the trial court gave a cautionary instruction to the jury on this issue. We are aware that a "jury is presumed to have followed a trial court's limiting or cautionary instruction." Jennings v. Commonwealth, 20 Va. App. 9, 19, 454 S.E.2d 752, 756, aff'd en banc, 21 Va. App. 328, 464 S.E.2d 179 (1995). However, in this case, the instruction erroneously permitted the jury to consider overly-prejudicial evidence and did not cure the error of having admitted this evidence. See LaForce v. Commonwealth, 14 Va. App. 588, 590, 419 S.E.2d 261, 262 (1992); Powell v. Commonwealth, 13 Va. App. 17, 27-28, 409 S.E.2d 622, 628-29 (1991).

Furthermore, because it does not plainly appear that appellant had a fair trial on the merits, the trial court's error was not harmless. Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991)(en banc); Code § 8.01-678. We do not agree with the Commonwealth "that, excluding the disputed testimony, the other evidence against [appellant] is so overwhelming that any error in the admission of the testimony is

rendered harmless."  Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978).  "While the other evidence amply supports the jury's verdicts, the disputed testimony may well have affected the jury's decision."  Id.; see Hanson v. Commonwealth, 14 Va. App. 173, 176, 416 S.E.2d 14, 16 (1992).

Accordingly, we reverse appellant's convictions and remand for further proceedings if the Commonwealth be so advised.

Reversed and remanded.