COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia

UNPUBLISHED

DAVID ANDREW KELLEY

MEMORANDUM OPINION[*] BY
v.      Record No. 1303-11-3          JUDGE LARRY G. ELDER
                                      OCTOBER 2, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Jason S. Eisner (Office of the Public Defender, on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


David Andrew Kelley (appellant) appeals from his two jury trial convictions for receiving

stolen property. On appeal, he contends the trial court erred in admitting evidence of other

crimes because it was irrelevant or, alternatively, because the probative value of that evidence

was outweighed by the prejudice it caused. We hold the trial court's admission of the evidence

was not error on the facts of this case, and we affirm appellant's convictions, subject to remand

solely for correction of a clerical error in the conviction and sentencing orders.

I.

Code § 18.2-108 provides in relevant part as follows: "If any person buys or receives

from another person, or aids in concealing, any stolen goods or other thing, knowing the same to

have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against,

although the principal offender is not convicted." To obtain a conviction under this statute, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth must prove, *inter alia*, that appellant knew the goods were stolen and acted with a dishonest intent.  See, e.g., Wilson v. Commonwealth, 220 Va. 26, 33, 255 S.E.2d 464, 468 (1979).  "Absent proof of an admission against interest, [guilty] knowledge necessarily must be shown by circumstantial evidence."  Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983).  "'It is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.'"  Id. (quoting Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).  Such circumstances may include evidence that serial numbers or other identifying marks have been removed from property in the defendant's possession, see Roberts v. Commonwealth, 230 Va. 264, 270-71, 337 S.E.2d 255, 259-60 (1985), for it is well-known that "obliterat[ion]" of a "serial number, the only means of exact identification, [is] . . . a device commonly used by malefactors to obscure the source of their acquisition of stolen property," Wilborne v. Commonwealth, 182 Va. 63, 67-68, 28 S.E.2d 1, 3 (1943).

When the admissibility of evidence requires "balancing the competing considerations of probative value and prejudice," decisions regarding such balancing "rest[] in the sound discretion of the trial court" and "will not be disturbed on appeal in the absence of a clear abuse" of that discretion.  Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 616 (1990).  A cautionary or limiting instruction may be used to reduce the prejudicial effect of such evidence on the jury.  E.g., Evans v. Commonwealth, 222 Va. 766, 774, 284 S.E.2d 816, 820 (1981).

"Evidence of other crimes generally is not admissible to show a defendant's propensity to engage in bad acts or crimes."  Angel v. Commonwealth, 281 Va. 248, 267, 704 S.E.2d 386, 397 (2011).  "Exceptions to this general rule, however, are as well established as the rule itself."  Moore v. Commonwealth, 222 Va. 72, 76, 278 S.E.2d 822, 824 (1981).  "'[I]f such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will

not be excluded merely because it also shows [a defendant] to have been guilty of another crime.'" Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent. Indeed, it may be the only way in which such matters may be shown . . . . *Even where another crime is not inextricably linked with the offense on trial*, it may nevertheless be proved if it shows the conduct and feeling of the accused toward his victim, his motive, intent, [common] plan or scheme, or any other relevant element of the offense on trial.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (emphasis added) (citations omitted).

Here, because the trial court granted appellant's motion to strike as to the Commonwealth's theory that appellant was the thief of all the stolen property in his possession, the issue of appellant's guilt or innocence of the underlying trailer thefts was not submitted to the jury. The jury was instructed, instead, on the crime of receiving stolen property; it was told it could find appellant guilty of the two charged offenses only if it found the two trailers were stolen and that appellant knew they were stolen when he possessed them. The jury was also instructed that it could consider "evidence that the defendant committed an offense other than the offense for which he [was] on trial . . . only as evidence that he knowingly possessed stolen goods, and not [as] evidence that he stole the items."

Appellant contends the challenged evidence was improperly admitted because it failed to establish a common scheme or plan. However, we do not reach that question because we conclude the evidence was relevant and admissible for another purpose explicitly recognized by

the trial court—to prove guilty knowledge and an absence of mistake in possessing property that was stolen.

As noted *supra*, a conviction for receiving stolen property requires proof that appellant knew the goods were stolen and acted with a dishonest intent. See Code § 18.2-108; Wilson, 220 Va. at 33, 255 S.E.2d at 468. "[W]here the motive, intent, or knowledge of the accused is at issue, evidence of other offenses is admissible if," *inter alia*, "it . . . negates the possibility of accident or mistake." Moore, 222 Va. at 76, 278 S.E.2d at 824. "'[W]here a material element of the crime is the fraudulent intent of the accused[,] both the Commonwealth and the accused are allowed broad scope in introducing evidence with even the slightest tendency to establish or negate such intent,' including evidence of similar frauds." Brooks v. Commonwealth, 220 Va. 405, 407, 258 S.E.2d 504, 506 (1979) (quoting Bourgeois v. Commonwealth, 217 Va. 268, 273, 227 S.E.2d 714, 718 (1976)); see Lewis, 225 Va. at 502-03, 303 S.E.2d at 892-93 (discussing the "guilty-knowledge exception" in the context of the offense of receiving stolen property). Here, the challenged evidence concerned events which were roughly contemporaneous with the charged crimes. Much of the challenged evidence was factually interwoven with the evidence in the case, as well, and appellant was not entitled to have the evidence "sanitized," Scott, 228 Va. at 526, 323 S.E.2d at 577.

The Commonwealth's evidence proved the Leonard-brand trailer, which was found on the Princeton Road premises and which appellant claimed belonged to him, was stolen. Someone had removed from the trailer the standard Leonard and VIN number stickers that were attached by the manufacturer to a portion of the trailer in plain view. However, Special Agent J.R. Elgin, Jr., of the Virginia State Police found a sticker on the axle beneath the trailer bearing a number matching the VIN number of the Leonard trailer stolen from the dealer's lot. Although appellant claimed he and a second person he refused to name had made the trailer from new and

scrap metal, an employee of the Leonard dealer testified the trailer "look[ed] like the trailer that was stolen" except for the absence of the Leonard logo sticker that would have been on each side of the trailer. This testimony tended to prove it was, in fact, the stolen trailer, and appellant's statement that he made it tended to prove his guilty knowledge and absence of mistake.

The totality of the Commonwealth's circumstantial evidence showed, in addition, that the Hurst-brand trailer in appellant's possession at the time of the traffic stop was stolen and that appellant knew it was stolen. Appellant reported to police that he had borrowed the trailer from a friend, whom he refused to name. Wayne Fitzgerald (Fitzgerald) later told police that the trailer belonged to him, but he also reported having purchased the trailer from appellant, who told him the trailer was homemade, and having loaned the trailer back to appellant shortly before it was found in appellant's possession. Although the Commonwealth's evidence established the Hurst trailer was missing its VIN sticker and was of the same make and model as the trailer stolen from Collie Equipment Company, proof that it was the exact trailer that had been stolen from Collie required connecting it to the VIN sticker found adhered to the door of the one-car garage on Princeton Road. Further, connecting appellant to that one-car garage, and, consequently, to the removal of the VIN sticker from the trailer, strengthened the evidence that appellant *knew* the Hurst trailer was stolen. Although both Fitzgerald and his uncle, who owned the Princeton Road property, testified that appellant used that one-car garage for storage, appellant attempted through cross-examination and argument at trial to undermine their testimony by implying that one or both of them were responsible for the crimes. Evidence supporting the testimony of Fitzgerald and his uncle and showing appellant's knowledge that other items in his possession were stolen bolstered the Commonwealth's theory that appellant possessed the two trailers at issue—the Hurst and Leonard trailers—with knowledge that they, too, were stolen.

- 5 -

In and around the one-car garage on Princeton Road, police found various articles, some of which were stolen, further tying appellant to the garage and showing his guilty knowledge and dishonest intent with regard to the trailers at issue. Inside the garage, they found a receipt bearing appellant's signed name which was dated about two weeks prior to the search. They also found a Troy-bilt riding lawn mower, which appellant later reclaimed after proving he had purchased it. In addition to those items, police found a business card bearing appellant's name, the business name "Spotless Pressure Wash," and a ten-digit telephone number. Stored directly next to the one-car garage, police found an enclosed trailer bearing the same name as the business card, "Spotless Pressure Wash," and the same ten-digit telephone number. The evidence established that trailer, which appellant clearly was treating as his own, had been stolen from Carpenter Tire in Lynchburg.

Also inside the one-car garage, police found a riding lawn mower which had been stolen from Anderson Tractor and Equipment in Rocky Mount sometime during the previous thirty-six hours. This supported Investigator Shively's testimony that appellant reported to him during a traffic stop on the morning of the search that he had already made one trip with lawn mowers from Anderson's before he was stopped with the John Deere lawn utility vehicle. Further supporting a showing of appellant's guilty knowledge was the fact that the Anderson sticker had already been removed from the stolen mower.

Additional evidence in the Princeton Road garage included the VIN plate from the stolen Better Built trailer, which was not one of the trailers appellant was on trial for possessing but which was found on the Princeton Road property behind appellant's one-car garage in an area appellant had permission to use as additional storage space.

Finally, the evidence established appellant had sold Fitzgerald a second trailer, a flat trailer with a winch, which was also stolen property. Someone had tried to grind off and paint

over the VIN number, but Agent Elgin was able to "bring the VIN number back" using acid, and he learned the trailer had been stolen. Fitzgerald denied any knowledge of the trailer's status as stolen. This evidence provided a further basis for the conclusion that appellant knew all the trailers he possessed or sold were stolen and that he removed various identifying markings in an effort to avoid detection.

Evidence of riding lawn mowers found in locations other than at the Princeton Road property also supported the Commonwealth's theory that appellant acted with knowledge of the thefts and that the Fitzgeralds were not knowingly involved. When police searched appellant's residence on Old Mayfield Road, they found a second lawn mower, which had been stolen from Anderson's during the previous thirty-six hours and had the identifying Anderson's sticker still attached. They also found a third lawn mower, which appellant claimed he had purchased "two years previous," but the evidence proved it had been stolen from Anderson's about ten months earlier, supporting the inference that appellant also was aware of its status as stolen.

In the possession of Fitzgerald's uncle, appellant's neighbor, police found two additional lawn mowers which had also been stolen the previous summer. Although appellant claimed not to know anything about these lawn mowers, Fitzgerald's uncle testified he purchased the lawn mowers from appellant, and Fitzgerald's uncle produced a carbon copy of a check showing a payment to appellant for one of the mowers. This evidence supported the Commonwealth's theory that appellant, not Fitzgerald or his uncle, had the most direct link to the two stolen trailers and acted with the knowledge that they were stolen.

Although admission of this evidence may have had some prejudicial effect, we hold the trial court did not abuse its discretion in concluding the probative value of the evidence outweighed any such prejudice, especially in light of the fact that the trial court gave the jury an instruction limiting the purposes for which the evidence could be considered. See, e.g.,

LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (holding juries are presumed to follow prompt cautionary instructions regarding the limitations placed upon evidence). Because of the mitigating effect of this instruction, we hold the Commonwealth was not required to rely on only one "weapon" in its "arsenal" of other bad acts and was properly permitted to offer additional circumstantial evidence to prove guilty knowledge and absence of mistake in possessing stolen property. See, e.g., Pittman v. Commonwealth, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 696 (1993) (upholding admission of evidence of the defendant's six prior convictions to prove his third or subsequent offense because "the Commonwealth was not obliged to have faith that the jury would be satisfied with any particular one or more of the items of proof[ and, t]herefore, . . . was entitled to utilize its entire arsenal"), quoted with approval in Burley v. Commonwealth, 29 Va. App. 140, 146-47, 510 S.E.2d 265, 268-69 (1999) (upholding admission of evidence of other crimes involving possession of a particular weapon, the weapon used to commit the murder for which the defendant was on trial, because "[a]ny evidence that linked him to the weapon tended to make his guilt more probable" and "[t]he more times he was found in possession and the closer the occasions were to the date of the murder, the more convincing the inference that he possessed it when [the victim of the charged murder] was killed").

## II.

For these reasons, we hold the trial court did not abuse its discretion in admitting evidence that revealed appellant's possession of three stolen trailers and five stolen riding lawn

mowers he was not on trial in these proceedings for possessing. Thus, we affirm appellant's

challenged convictions and remand solely for correction of a clerical error.[1]

Affirmed and remanded with instructions.

---

[1] Appellant was indicted for two counts of grand larceny in violation of Code § 18.2-95. He was found guilty by the jury of what the conviction order refers to as two counts of "Grand Larceny Receiving Stolen Property," once again referencing Code § 18.2-95. The sentencing order also references only Code § 18.2-95.

Appellant's convictions for receiving stolen property on indictments for grand larceny were entirely proper pursuant to Code § 18.2-108, which provides that "If any person . . . receives from another person . . . any stolen goods . . . , knowing the same to have been stolen, he shall be deemed guilty of larceny thereof." See also Price v. Commonwealth, 62 Va. (21 Gratt.) 846, 850 (1872). However, we have previously held under such circumstances that the relevant orders must reference Code § 18.2-108 to make clear the basis for the conviction. See Bazemore v. Commonwealth, 42 Va. App. 203, 212, 590 S.E.2d 602, 606 (2004) (en banc). Therefore, we remand to the trial court solely for the purpose of correcting the conviction and sentencing orders "by inserting a reference to Code § 18.2-108." Id.