UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

GERALD E. WOOD, JR.

v.      Record No. 0060-16-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
DECEMBER 13, 2016

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

Jean Todd, Assistant Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Following a bench trial, Gerald E. Wood, Jr. ("appellant"), was convicted of construction

fraud.  On appeal, appellant argues that the trial court erred by:  (1) admitting into evidence prior

bad acts committed by appellant and (2) finding that appellant possessed the intent to defraud.  For

the reasons that follow, we affirm appellant's conviction.

Background

On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601

S.E.2d 555, 558 (2004).  So viewed, the evidence proved that the Board for Contractors ("the

Board") revoked appellant's contractor's license on June 4, 2013.  Appellant was notified of the

revocation.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 18, 2014, appellant arrived at the home of Willie and Jacqueline Todd ("the Todds") to inspect their roof and provide an estimate for the cost of replacement. He was driving a van with a "Roof it Rite" logo on its side. Jacqueline testified that appellant appeared to be a "reputable business man."

Appellant entered into a contract that same day with the Todds to replace the roof on their house. The contract provided appellant's prior contractor's license number that had been revoked by the Board in 2013. Although the contract did not specify a date for the construction to begin, Jacqueline testified that appellant verbally communicated to her that he would begin the work two weeks after he obtained ridge caps for the roof. Jacqueline gave appellant a check in the amount of $3,100 as an advance for the purchase of roofing materials. The balance was to be paid upon completion of the roof replacement. The check cleared the Todds' bank account two days later on May 20, 2014.

Appellant did not begin work on the Todds' roof or deliver any materials to the residence. Initially, appellant responded to the Todds' telephone calls and text messages inquiring about the completion of the work. Appellant continually claimed that the ridge caps had not "come in" and he could not start the work without those items. On August 13-14, 2014, appellant and Willie exchanged text messages wherein appellant claimed the Todds' check was being held "by loss prevention." Because Jacqueline handled the couples' finances, Willie was unaware that the check had cleared their bank account on May 20.

When appellant eventually stopped communicating with the Todds, Jacqueline obtained an address for appellant on the Angie's List website.[1] On August 23, 2014, she sent appellant a certified letter demanding the return of the deposit by September 7, 2014. On October 1, 2014,

---

[1] The parties stipulated that the address Jacquline obtained was in fact appellant's last known address.

appellant sent the Todds a letter indicating he could deliver the materials he had obtained or return the deposit money to the Todds. Appellant's letter was sent from the Chesapeake City Jail. Appellant did not return the money or deliver any materials to the Todds.

The trial court admitted into evidence two prior conviction orders showing that appellant had been convicted of construction fraud – in the Circuit Court of the City of Norfolk on July 20, 2015, and in the Circuit Court of the City of Chesapeake on April 20, 2015. The Norfolk fraud was perpetrated on April 23, 2014, and the Chesapeake fraud was perpetrated on May 8, 2014. The trial court found that the convictions were probative of appellant's state of mind at the time he accepted the deposit from the Todds on May 18, 2014. Specifically, the trial court found the convictions were relevant to the determination of whether appellant had a fraudulent intent at that time. The trial court further found that the probative value of the prior convictions outweighed any prejudice to appellant.

In finding appellant guilty of construction fraud, the trial court relied on the evidence that the Todds' check had in fact cleared on May 20, 2014, nearly three months prior to the text message conversation between Willie and appellant. In addition, the trial court considered "the fact that at the time [appellant] entered into the contract his license was revoked, and he knew his license was revoked." The trial court concluded that appellant "was basically stringing this thing along because he didn't have the money or . . . the wherewithal to complete the contract, and basically [made] a lot of fraudulent representations to the Todds."

Analysis

I. Prior Bad Acts

Appellant first contends the trial court erred in admitting into evidence two prior conviction orders. "We review the decision of a circuit court with regard to the admission of evidence according to an abuse of discretion standard." Branham v. Commonwealth, 283 Va.

- 3 -

273, 281, 720 S.E.2d 74, 79 (2012).  Under this deferential standard, a "trial judge's ruling will not be reversed simply because an appellate court disagrees."  Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (citation omitted).  Instead, "we consider only whether the record fairly supports the trial court's action."  Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).  Thus, a reviewing court can only conclude that an abuse of discretion has occurred in cases where "reasonable jurists could not differ" about the correct result.  Thomas, 44 Va. App. at 753, 607 S.E.2d at 743.

As a general rule, evidence that shows or tends to show crimes or other bad acts committed by the accused is inadmissible for the purpose of proving that the accused committed the particular crime charged.  Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  "[Evidence of prior crimes] merely show[s] that [an accused] has the propensity to commit the crime [charged] and this inference has been held to be error because it reverses his presumption of innocence."  Spence v. Commonwealth, 12 Va. App. 1040, 1045, 407 S.E.2d 916, 918 (1991) (citing Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).

"There are, however, well-established exceptions to the general rule."  Mughrabi v. Commonwealth, 38 Va. App. 538, 545, 567 S.E.2d 542, 545 (2002) (quoting Cheng v. Commonwealth, 240 Va. 26, 34, 393 S.E.2d 599, 603 (1990)).  "Evidence of other crimes or convictions may be admitted for the purpose of, among other things, . . . proving a relevant issue or element of the offense charged, such as motive, intent, common scheme or plan, knowledge or identity."  Hackney v. Commonwealth, 28 Va. App. 288, 293, 504 S.E.2d 385, 388 (1998) (*en banc*).

- 4 -

"Where a material element of the crime is the fraudulent intent of the accused both the Commonwealth and the accused are allowed broad scope in introducing evidence with even the slightest tendency to establish or negate such intent." Mughrabi, 38 Va. App. at 546, 567 S.E.2d at 545 (quoting Brooks v. Commonwealth, 220 Va. 405, 407, 258 S.E.2d 504, 506 (1979)). "The evidence that appellant perpetrated more than one fraud about the same time is relevant to show his fraudulent intent." Id. at 546, 567 S.E.2d at 546.

The two prior conviction orders each provided that appellant was convicted of construction fraud in violation of Code § 18.2-200.1. The date of the offense in the instant case was May 18, 2014. The dates of the prior offenses were April 23, 2014 and May 8, 2014. Thus, appellant's criminal offenses addressed in the prior conviction orders took place less than one month before he entered into the contract with the Todds and the Todds paid him the deposit funds.

Evidence that appellant was convicted of construction fraud for offenses that took place within weeks of the instant offense was "highly probative of [appellant's] intent at the time the instant contract[] w[as] signed." See Mughrabi, 38 Va. App. at 546, 567 S.E.2d at 546. The trial court found that the

> probative value outweighs the incidental prejudicial value in this
> particular case, and in accordance with that, based on the nature of
> the offenses . . . that he was convicted of, and also the time frame
> in which these occurred, I find that would be probative of
> [appellant]'s state of mind at the time that he entered in the
> contract with the Todds.

We cannot say the trial court abused its discretion by admitting the evidence that was probative of appellant's fraudulent intent.

II.  Fraudulent Intent

Appellant next argues that the evidence was insufficient to prove he had the intent to defraud at the time the parties entered the contract and the Todds paid him the deposit.

Upon a challenge to the sufficiency of the evidence, "we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom."  Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009) (citation omitted).  Under this highly deferential standard of review, we "presume the judgment of the trial court [is] correct, and will not set it aside unless it is plainly wrong or without evidence to support it."  Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).  In doing so, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  Instead, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson, 443 U.S. at 319.

To establish a violation of Code § 18.2-200.1, the Commonwealth must prove the following:

> (1) obtaining an advance of money from another person, (2) a fraudulent intent at the time the advance is obtained, (3) a promise to perform construction or improvement involving real property, (4) a failure to perform the promise, and (5) a failure to return the advance "within fifteen days of a request to do so by certified mail" to the defendant's last known address or his address listed in the contract.

Klink v. Commonwealth, 12 Va. App. 815, 818, 407 S.E.2d 5, 7 (1991).

Appellant contends that the Commonwealth failed to establish that he possessed a fraudulent intent at the time the Todds gave him $ 3,100.  We disagree with appellant.

- 6 -

In construction fraud cases, as in all other fraud cases, fraudulent intent can be inferred from "the conduct and representations of the defendant." Rader v. Commonwealth, 15 Va. App. 325, 329, 423 S.E.2d 207, 210 (1992) (internal quotation marks omitted). The intent must exist at the time the contractor procured the advance. Klink, 12 Va. App. at 819, 407 S.E.2d at 7. Circumstances implying fraudulent intent include a contractor's false statements, Mughrabi, 38 Va. App. at 548, 567 S.E.2d at 547, subsequent failure to perform the work, Holsapple v. Commonwealth, 266 Va. 593, 603, 587 S.E.2d 561, 567 (2003), failure to use the advanced funds to purchase supplies or to hire needed labor, Mughrabi, 38 Va. App. at 548, 567 S.E.2d at 547, efforts to avoid communicating with the homeowner, McCary v. Commonwealth, 42 Va. App. 119, 128, 590 S.E.2d 110, 115 (2003), and refusal to return the advanced funds, Mughrabi, 38 Va. App. at 548, 567 S.E.2d at 547.

Dennos v. Commonwealth, 63 Va. App. 139, 145-46, 754 S.E.2d 913, 916 (2014).

There is ample evidence in this case from which a reasonable factfinder could conclude that appellant committed construction fraud. Appellant deposited the Todds' check and did not begin work on the roof or deliver any materials to the job site. Appellant made false representations to Willie Todd about the status of the deposit check months after he deposited it. After repeatedly telling the Todds he was waiting for materials to "come in," appellant stopped communicating with the Todds until he responded to their demand letter. However, appellant then failed to return the deposit money or deliver any construction materials as he indicated he would do. Furthermore, appellant's contractor's license was revoked at the time he accepted the deposit, yet the contract contained the revoked license number. In addition, appellant had two recent prior convictions for construction fraud. The trial court could reasonably infer from these events that appellant accepted the Todds' deposit funds with the intent to defraud them. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense of construction fraud.

<u>Conclusion</u>

We conclude that the trial court did not err in admitting into evidence the two prior conviction orders at issue in this case.  We further conclude that the evidence was sufficient to find that appellant possessed a fraudulent intent at the time he accepted the Todds' deposit check. Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>