COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


TRAVEYAN LEE CHAMBLISS

                                                    OPINION BY
v.        Record No. 0983-12-2                      JUDGE GLEN A. HUFF
                                                    OCTOBER 22, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
J. Howe Brown, Jr., Judge Designate

David B. Hargett (Hargett Law, on brief), for appellant

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Traveyan Lee Chambliss ("appellant") appeals his conviction of conspiracy to elude

police, in violation of Code §§ 46.2-817(B) and 18.2-22(a)(2).  Following a bench trial in the

Circuit Court for the County of Caroline ("trial court"), appellant was sentenced to five years'

incarceration in the Virginia Department of Corrections, with three years, nine months

suspended.  On appeal, appellant contends that 1) the trial court erred in failing to strike the

evidence because the evidence failed to prove beyond a reasonable doubt that appellant

committed a conspiracy to elude in Caroline County, and 2) the trial court erred in finding

sufficient evidence based on a theory that the agreement in Spotsylvania County continued into

Caroline County and that there was a joint operation.

For the following reasons, this Court affirms the conviction.

## I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On August 11, 2011, appellant was arrested at the Spotsylvania County probation and parole office for violating parole.  Spotsylvania County Sergeant Tim Buta ("Buta") handcuffed appellant's hands behind his back and escorted him outside to be transported to jail.  During the transit, appellant broke free and ran toward a white Chevy Impala.  Upon approaching the vehicle, appellant exclaimed, "Open the door!  Open the door!"  The door opened, and appellant entered the vehicle through the driver's side door.

At trial on March 19, 2012, Buta testified that as appellant entered the vehicle appellant instructed the passenger, Carolyn Henderson ("Henderson"), to put the car in gear.  Henderson then put the car in reverse.  Buta chased down the vehicle and shattered the driver's side window with his baton but failed to prevent appellant and Henderson from escaping.  The vehicle lurched backwards and bounced over a curb into a parking lot, which allowed Buta to regain pursuit.  As Buta approached, he heard appellant again telling Henderson to put the car in gear.  Henderson put the car in gear, which allowed appellant to drive down an eight-foot embankment onto an access road.

From the parking lot above, Buta observed the car driving slowly and erratically until it stopped, and after a fifteen-second pause, the car resumed its escape and "appeared to be driving with a normal driving person behind [the wheel]."  Buta testified that the car was in Spotsylvania County during his pursuit.

Shortly after the escape originating in Spotsylvania County, Sergeant Craig Heywood ("Heywood") of the Caroline County Sheriff's Department pulled over on the shoulder of Route 301 in response to a radio call regarding the pursuit.  Heywood testified that he activated his

emergency equipment and placed spike strips across the road. Soon thereafter, Henderson drove over the strips going between 120 and 130 miles per hour while appellant was seated in the passenger seat in handcuffs. Henderson continued to drive on three flat tires at 90 miles per hour even as sparks flew from the rims.

Henderson began to swerve into multiple lanes of traffic causing approaching motorists to take evasive maneuvers to prevent a collision. Eventually, Henderson lost control of the vehicle, crossed a sidewalk, and hit a fence in the Town of Bowling Green. Despite the collision, appellant and Henderson got out of the car and attempted to flee, but both were immediately apprehended.

On March 18, 2012, Henderson and appellant were tried together in Caroline County. Henderson pled guilty to felony eluding, and both pled not guilty to conspiracy to commit felony eluding in Caroline County. Appellant stipulated that the evidence was sufficient to prove that the conspiracy to elude police occurred in Spotsylvania County, but asserted it was insufficient to prove that the conspiracy to elude police occurred in Caroline County. The trial court then found appellant guilty of conspiracy to elude police. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in failing to strike the evidence because the evidence failed to prove beyond a reasonable doubt that the appellant committed a conspiracy to elude police in Caroline County. Specifically, appellant argues that the evidence was insufficient because there was no evidence once the car entered Caroline County – direct or circumstantial – of anything that occurred in the vehicle or of any new agreement amounting to a new conspiracy. The Commonwealth asserts, however, the evidence supports the trial court's conclusion that there was one overall, ongoing conspiracy to elude police in both Spotsylvania and Caroline Counties.

## A. Standard of Review

On appeal, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation omitted). Instead, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

"'Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011) (alteration in original) (quoting Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011)). "'The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" Id. at 535, 712 S.E.2d at 12-13 (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). Furthermore,

> [w]hether the hypothesis of innocence is reasonable is itself a
> question of fact, subject to deferential appellate review. Merely

> because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. By finding the defendant guilty, therefore, the factfinder has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.

Clanton v. Commonwealth, 53 Va. App. 561, 572-73, 673 S.E.2d 904, 910 (2009) (en banc) (internal quotations and citations omitted).

Insofar as venue is concerned, "the Commonwealth must 'produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished either by direct or circumstantial evidence.'" Foster-Zahid v. Commonwealth, 23 Va. App. 430, 442, 477 S.E.2d 759, 765 (1996) (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)).

## B. Continuing Offense, Sufficiency of the Evidence, and Venue

On appeal, appellant argues that the trial court erred by failing to strike the Commonwealth's evidence because the evidence was insufficient to prove a conspiracy in Caroline County as there was no evidence of any overt acts by appellant from which a conspiracy could be inferred, except for those actions which took place in Spotsylvania County. Furthermore, appellant argues that the "conspiracy in Spotsylvania was complete the moment the agreement was made, and no conspiracy in Caroline County was proven beyond a reasonable doubt . . . [and] [t]here is no legal support for any claim of an ongoing or continuing offense . . . ."

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). Moreover, the crime of conspiracy is complete when the parties agree to commit an offense; Virginia does not require proof of an overt act in furtherance of the conspiracy. Stevens v.

Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992). The existence of a conspiracy may be proven by circumstantial evidence. Wright, 224 Va. at 505, 297 S.E.2d at 713.

Appellant stipulated that he committed a conspiracy to elude the police in Spotsylvania County. On this point, there is no dispute. Although the assignments of error were couched as questions of the sufficiency of the evidence to convict appellant of conspiracy, the real issue presented is whether the crime of conspiracy could be tried in Caroline County under the facts of this case. "[P]roof of venue is not a part of the crime . . . [and] the prosecution need not prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of the crime." Bonner v. Commonwealth, 62 Va. App. 206, 210, 745 S.E.2d 162, 165 (2013) (en banc) (citations omitted). Moreover, venue can be proven merely with "evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng, 240 Va. at 36, 393 S.E.2d at 604 (citations omitted). In the current matter, venue is proper because appellant's conspiracy continued into Caroline County.

> "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an intermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each."

Morris v. Commonwealth, 51 Va. App. 459, 467, 658 S.E.2d 708, 712 (2008) (quoting United States v. Midstate Horticultural Co., 306 U.S. 161, 166 (1939)).

In Barber v. Commonwealth, 5 Va. App. 172, 177-78, 360 S.E.2d 888, 890-91 (1987) (citing United States v. MacDougal, 790 F.2d 1135, 1144 (4th Cir. 1986)), this Court adopted the "totality of circumstance" test in determining whether the prosecution has demonstrated a single conspiracy or multiple conspiracies. In Barber, the defendant argued that the Commonwealth

had improperly merged two transactions for distributing marijuana in separate counties into one conspiracy to distribute. The Barber Court employed the five-part test articulated by the Fourth Circuit in MacDougal. The Fourth Circuit considered the following factors as probative: 1) the time periods in which the activities occurred; 2) the statutory offenses as charged in the indictments; 3) the places where the activities occurred; 4) the persons acting as co-conspirators; and 5) the overt acts or other descriptions of the offenses charged that indicate the nature and scope of the activities to be prosecuted. Id.

In applying these factors to the present case, this Court finds no error in the trial court's determination that the facts demonstrated a single conspiracy continuing from Spotsylvania County into Caroline County.

Applying the first MacDougal factor, the entire agreement between Henderson and appellant lasted only a short period. Secondly, while the initial conspiracy began in Spotsylvania County, appellant and Henderson committed acts in furtherance of the conspiracy in Caroline County by continuing to evade the police in Caroline County. Under the third factor, the escape and subsequent chase occurred in a limited area, overlapping two contiguous counties, "set on foot by a single impulse and operated by an unintermittent force . . . through several jurisdictions." Morris, 51 Va. App. at 467, 658 S.E.2d at 712. Additionally, Henderson and appellant worked in close cooperation both in the agreement and acts to elude. Lastly, both parties formed an agreement to elude the police, without regard to county boundaries, when appellant entered the vehicle and informed Henderson to put the car in gear. Accordingly, all five MacDougal factors support the finding of a single conspiracy under the totality of the

circumstances.[1] Therefore, appellant's claims fail in that there was sufficient evidence to prove a continuing conspiracy in Caroline County.

Furthermore, Code § 18.2-22(c) states "jurisdiction for . . . conspiracy . . . shall be in the county or city wherein any part of such conspiracy is planned or in the county or city wherein any act is done toward the consummation of such plan or conspiracy." The facts in this case demonstrate "a strong presumption" that appellant committed the continuing offense of conspiracy which included acts done in Caroline County "toward the consummation of [the] conspiracy." Id. Sufficiency of the evidence to convict appellant of the crime of conspiracy was established by stipulation. As a continuing crime which may be heard in any jurisdiction where an act was committed in furtherance of the conspiracy, venue was appropriately found in the Circuit Court of Caroline County.

Accordingly, this Court finds that the evidence was sufficient to establish that appellant's actions in Spotsylvania and Caroline Counties were acts in furtherance of a single, continuous conspiracy and that venue for such trial was appropriate in the trial court.

## III. CONCLUSION

For the foregoing reasons, this Court holds that the trial court did not err in denying appellant's motion to strike and in finding the evidence sufficient to establish a continuing conspiracy cognizable in Caroline County. Accordingly, the judgment is affirmed.

<u>Affirmed.</u>

---

[1] Appellant relies on <u>Gray v. Commonwealth</u>, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000), for the proposition that a conspiracy is complete when the parties agree to commit an offense. While a conspiracy is complete once the parties agree to commit the offense, "jurisdiction for . . . conspiracy shall be in the county or city wherein any part of such conspiracy is planned or in the county or city wherein any act is done toward the consummation of such plan or conspiracy." Code § 18.2-22(c).