COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, Beales and Alston
Argued at Richmond, Virginia

DAVID LEE WASHINGTON

                                              MEMORANDUM OPINION[*] BY
v.      Record No. 1952-13-2                  JUDGE ROSSIE D. ALSTON, JR.
                                                  FEBRUARY 18, 2015

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Clarence N. Jenkins, Jr., Judge

            Dorian Dalton, Supervising Assistant Public Defender (Office of
            the Public Defender, on briefs), for appellant.

            John W. Blanton, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        David Lee Washington (appellant) appeals his conviction of three counts of procuring a

controlled substance through the concealment of a material fact, in violation of Code

§ 18.2-258.1(A).[1]  He contends that the trial court erred in finding the evidence sufficient to

support his convictions by relying on statements that had been properly excluded and where

there was no evidence that appellant concealed a material fact.  Finding no error, we affirm the

trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-258.1(A) states:

            It shall be unlawful for any person to obtain or attempt to obtain
            any drug or procure or attempt to procure the administration of any
            controlled substance or marijuana:  (i) by fraud, deceit,
            misrepresentation, embezzlement, or subterfuge; (ii) by the forgery
            or alteration of a prescription or of any written order; (iii) by the
            concealment of a material fact; or (iv) by the use of a false name or
            the giving of a false address.

I.  Background[2]

When reviewing a challenge to the sufficiency of the evidence to support a conviction, this Court views the evidence in the light most favorable to the Commonwealth as the prevailing party below, granting to it all reasonable inferences drawn from that evidence.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence at trial indicated that appellant had a prescription for Xanax, or the generic equivalent, Alprazolam.  Dr. Essah, an internist then practicing medicine at the Vernon J. Harris Medical Center, who was treating appellant for an anxiety disorder, wrote appellant a prescription for Xanax on August 3, 2011.  The prescription authorized a pharmacy to dispense 90 tablets and included an instruction that appellant was to take "1 tab(s) 3 times a day [for] 30 days."  Dr. James Fitzgerald, a pharmacist at Lafayette Pharmacy, testified that he filled a prescription for Xanax for appellant on August 29, 2011.  Dr. Fitzgerald testified that the prescription was faxed from the Vernon J. Harris Medical Center, dated August 3, 2011, and authorized Dr. Fitzgerald to dispense ninety Xanax pills to appellant.  Dr. Fitzgerald also testified that on one occasion appellant called in asking for an early refill,[3] which the pharmacy denied because "[it] was more than seven days" before the prescription was to expire.

In the late summer of 2011, Dr. Essah reviewed the prescription monitoring program database and "was shocked to see the number of prescriptions [for appellant] that had been filled under [her] name."  Dr. Essah did not believe that she authorized all of the listed prescriptions

---

[2] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

[3] Admitted as Commonwealth's Exhibit 1, the prescription authorized three refills.

for Alprazolam and reported her concerns to "the Richmond City Police . . . for them to investigate." She also provided the Richmond Police Department with a printout from the prescription monitoring program, which showed in "sequential order" each of the prescriptions appellant filled under Dr. Essah's name. The printout indicated that prescriptions for Alprazolam were filled on August 3rd, 8th, 9th, 29th, and 30th, at four separate pharmacies.[4] Appellant was subsequently indicted on four counts of procuring a controlled substance through fraud or the concealment of a material fact, in violation of Code § 18.2-258.1.

At appellant's trial, Detective Ron Taylor described his investigation of appellant for prescription fraud. Detective Taylor testified that he sat down with appellant and "went through the actual list of the times and dates where [appellant's prescriptions] were filled." Detective Taylor testified that as he identified an entry indicating a prescription for Alprazolam filled for appellant under Dr. Essah's name, appellant "agreed that was the pharmacy he went to on that date." According to Detective Taylor, appellant acknowledged receiving filled prescriptions on August 3rd, 8th, 9th, 29th, and 30th, from a total of four separate pharmacies. Appellant also acknowledged that he knew he had received too many pills.

A recording of appellant's interview with Detective Taylor was played at trial without objection. In the bench trial, the trial court listened to the recorded interview in two sessions. Following the first portion played at trial, appellant raised a hearsay objection, asserting that "the detective's questions" were hearsay "based on conversations [the detective] had" with Dr. Essah "through his investigation." The trial court sustained appellant's objection, finding that "some

---

[4] Although the printout indicated that a prescription was filled on August 8, 2011, appellant was not subsequently charged with procuring a controlled substance on that date. Accordingly, we do not consider that filled prescription in our analysis below.

hearsay" bled into the detective's statements and ruling that those portions would not be allowed in. The Commonwealth then played the second portion of the recording.

After the remainder of the recording was played for the trial court, the Commonwealth requested to introduce the recording as an exhibit. Appellant renewed his hearsay objection. Appellant asserted that although his "statements [were] definitely admissible," "what the detective learned through his investigation [was] hearsay." The trial court concluded again that "some things . . . bleed in" and noted that "[o]n that basis I don't [k]now that - - I've heard the tape anyway. We will keep it out. We will not allow it into evidence."[5]

Dr. Essah testified that she wrote appellant a prescription for Xanax on August 3, 2011. According to Dr. Essah, the prescription for ninety pills was meant to last appellant thirty days. Dr. Essah added that if appellant had more than one month's worth of Xanax, it would have been outside what she prescribed. When asked if she authorized "all of [appellant's] prescriptions" for Alprazolam, Dr. Essah testified that she did not know but that she "[did] not believe that [she] did."

Dr. Essah also testified that she was investigated by the Board of Medicine because of the large number of prescriptions filled for appellant under her name. The Board reviewed her record for prescriptions for controlled substances and found "no inconsistencies or abnormalities, other than those that were involving [appellant]." Dr. Essah ultimately entered a consent order that stated she "wrote or otherwise authorized prescriptions for Alprazolam for [appellant], which allowed the patient to obtain approximately 23 months['] worth of Alprazolam over a 15-month period." The consent order did not indicate whether Dr. Essah "intentionally or actually authorized all of the[] prescriptions" that were filled under her name.

_____

[5] The recording was not admitted as an exhibit at trial or sent with the record on appeal.

Following the Commonwealth's case-in-chief, appellant raised a motion to strike each count of prescription fraud. Appellant asserted that the evidence established merely an uncorroborated confession by appellant that "he picked up his medications" from specific pharmacies. Even then, appellant asserted that "you can tell from the recording that even [appellant] was confused as to which days, which medications he got, [and] when he got them." Appellant also argued that, although he realized "at some point . . . he was getting too many [pills]," there was no evidence of fraud, deceit, misrepresentation, or concealment of a material fact. At most, appellant asserted that the evidence demonstrated a "breakdown in the Virginia Prescription Monitoring Program."

The trial court denied appellant's motion to strike. Appellant did not put on any evidence and renewed his motion to strike, which the trial court again denied in part.[6] The trial court found appellant guilty of three counts of procuring a controlled substance through the concealment of a material fact:

> [B]y your own admission you received drugs on the 3rd, the 9th, the 29th, and the 30th, by your own admission. We also know that part of this [statute] says concealment of a material fact . . . . Concealment by its very definition means a withholding of something which one knows. You know that you have 30-day supplies. Which one is duty bound to reveal. Even if you were silent and you knew you were supposed to have 90 [pills], you would have concealed that from the person because you are bound to tell them that I'm not supposed to have that many. I'm only supposed to have a 30-day supply. Yet you got 30 times four. That's a problem. That's the concealment of a material fact.
>
>     \*      \*      \*      \*      \*      \*      \*
>
> You clearly knew or should have known that you had more drugs than you're supposed to have.

---

[6] The trial court granted appellant's request to strike the August 3, 2011 count of prescription fraud because appellant filled that prescription as written by Dr. Essah.

The trial court sentenced appellant to five years' imprisonment on each count of procuring a controlled substance through concealment of a material fact, with a total suspended term of twelve years. This appeal followed.

## II. Analysis

We first consider appellant's contention that the trial court erred by relying on statements that were not in evidence. Our analysis is guided by a well-settled principle of appellate review: "Absent clear evidence to the contrary, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

A recording of appellant's interview with Detective Taylor was played at trial without objection. The trial court listened to the recorded interview in two sessions. After the first portion of the recording was played, appellant raised a hearsay objection, which the trial court sustained. Appellant renewed this same objection, after the remainder of the recording was played, when the Commonwealth moved to admit the recording as an exhibit. The trial court's statements in response to appellant's objection are at issue here.

In relevant part, the trial court stated, "They may have some things that bleed in. On that basis I don't now [sic] that - - I've heard the tape anyway. We will keep it out. We will not allow it into evidence." Pointing to the announcement "[w]e will not allow it into evidence," appellant argues on appeal that the trial court "excluded the recording [of Detective Taylor's interview] in its entirety." The trial court's ruling, appellant argues, not only excluded the physical recording from evidence, but also barred the trial court's consideration of the content of the recording that was played during the trial.

Viewing the trial court's statements in the full context in which they were made, we construe the trial court's ruling more narrowly. See Wood v. Commonwealth, 57 Va. App. 286,

- 6 -

305, 701 S.E.2d 810, 819 (2010) (stating that this Court will not "fix upon isolated statements of the trial judge taken out of the full context in which they were made" in order to find that the trial court erred). It is apparent from the proceedings below that the trial court intended to exclude from its consideration only the hearsay bleeding into the detective's questions. See Cole v. Commonwealth, 16 Va. App. 113, 116, 428 S.E.2d 303, 305 (1993) (noting that judges are uniquely qualified "'to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both.'" (quoting Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981))). Only moments before stating that the recording would "not [be] allowed into evidence," - indeed, not even three full pages in the transcript – the trial court sustained appellant's hearsay objection to the first portion of the recording played for the court. There, the trial court concluded that "some hearsay" bled into the detective's questions and declined to admit "that portion." It would be anomalous to conclude that the trial court expanded its ruling to also exclude appellant's statements mere moments later, without explanation, and in reference to the same concern that "some things . . . bleed in." Indeed, appellant understood at the time that his statements were before the trial court, later referencing his recorded statements during argument on his motion to strike.

Moreover, when the trial court announced that it would "keep it out," the trial court was responding to the Commonwealth's request to add the physical recording as an exhibit. That ruling did not scrub from the trial court's mind the content of the recording. See Solorzano v. Commonwealth, No. 2782-06-4, 2008 Va. App. LEXIS 39, at *4-5 (Va. Ct. App. Jan. 22, 2008) (citing, in support of the defendant's conviction, a video played for the trial court that "depict[ed] a portion of the events that took place," notwithstanding that the video was not admitted as an exhibit at trial); see also Cull v. Commonwealth, No. 2202-98-2, 2000 Va. App. LEXIS 237, at *8 (Va. Ct. App. Mar. 28, 2000) ("Irrespective of any characterization made by the trial judge,

- 7 -

the contents of the tape were admitted into evidence when the jury viewed it."); Kennebrew v. State, 480 S.E.2d 1, 4 (Ga. 1996) (concluding that a tape-recorded statement was introduced into evidence when the defendant "played the entire recording," even if the "tape-recorded statement was not 'introduced' as it was not marked for identification or formally tendered into evidence"). Indeed, while announcing its ruling, the trial court noted that it "heard the tape anyway." Accordingly, viewing the trial court's statements in the full context in which they were made, we find that the trial court excluded only those statements that constituted hearsay, which appellant concedes did not include his statements. We therefore conclude that appellant's assertion that the trial court erred by relying on statements that had been properly excluded is without merit.

We next consider appellant's assertion that the evidence was insufficient to support his conviction of three counts of prescription fraud because "there was no proof of concealment of a material fact." Upon an appeal challenging the sufficiency of the evidence, "we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009) (citation omitted). Under this standard of review, we "'presume the judgment of the trial court [is] correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In doing so, this Court "does not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, we ask only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original).

Code § 18.2-258.1(A) states, in relevant part, that "[i]t shall be unlawful for any person to procure . . . any controlled substance . . . (i) by fraud, deceit, misrepresentation, embezzlement, or subterfuge . . . [or] (iii) by the concealment of a material fact." Under the plain language of the statute, to be found guilty of procuring the administration of a controlled substance, an individual must procure a controlled substance by special effort or means; namely, in this case, by concealing a material fact. "'[A] fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred.'" Beiler v. Commonwealth, 243 Va. 291, 295, 415 S.E.2d 849, 851 (1992) (quoting Packard Norfolk v. Miller, 198 Va. 557, 563, 95 S.E.2d 207, 211-12 (1956)).

In finding appellant guilty of prescription fraud, the trial court articulated the factual basis for its determination and concluded that appellant procured Alprazolam by concealing from the respective pharmacies that his prescription was for a thirty-day supply and that the prescription had been previously filled. In reaching this decision, the trial court found this Court's decision in Nuzzo v. Commonwealth, No. 1394-02-2, 2003 Va. App. LEXIS 517 (Va. Ct. App. Oct. 14, 2003), instructive. In Nuzzo, the appellant was convicted for obtaining a controlled substance by fraud "when she obtained duplicates of prescriptions she had received only a day earlier." Id. at *1-2. On appeal, the appellant challenged the sufficiency of the evidence to prove that she acted with the requisite intent to commit fraud. Id. at *2. Relying on the evidence from the appellant's joint trial with Zacharie Comeau, whose conviction we affirmed in Comeau v. Commonwealth, No. 1290-02-2, 2003 Va. App. LEXIS 342 (Va. Ct. App. June 17, 2003), we found the evidence sufficient to prove that the appellant acted with the requisite intent. Id. at *2-3.

We "reached this conclusion based on a finding that [the appellant] represented to the pharmacy clerk that she had not obtained any prescriptions on the previous day." Id. at *4. The evidence at trial established that the appellant requested seven prescriptions from the pharmacy

- 9 -

clerk on December 20, 2001, including "augmentin, ibuprofen, and fiorigen with codeine, even though [the appellant] had obtained refills of those same prescriptions one day earlier." Id. at *4-5. Later, during the same interaction, "either [the] appellant told [the pharmacy clerk] or Comeau told [the pharmacy clerk] . . . that [the] appellant in fact had not received the augmentin, ibuprofen, and fiorigen with codeine refills on December 19[, 2001]." Id. at *5. Accordingly, we found the evidence sufficient to prove the appellant acted with the requisite intent to deceive. Id.

We find Nuzzo analogous to the facts of this case. Like Nuzzo, appellant received a greater supply of his prescribed medication than he was entitled to under his prescription. Dr. Essah testified to this fact, stating that if appellant had more than one month's worth of Alprazolam, it would have been outside what she prescribed. In addition, appellant was aware that he obtained more Alprazolam than he was prescribed, informing Detective Taylor during his interview that he realized he was receiving too many pills. Appellant also admitted to Detective Taylor that he received filled prescriptions on August 3rd, August 9th, August 29th, and August 30th from a total of four different pharmacies. Whereas the appellant in Nuzzo explicitly misrepresented to the pharmacy clerk that she had not obtained the prescribed refills on the previous day, appellant concealed from the respective pharmacies that he had previously received a thirty-day supply (indeed, multiple thirty-day supplies) of Alprazolam within the same month.

The evidence adduced at trial indicated that Dr. Essah prescribed appellant only one prescription for Alprazolam. The prescription authorized a pharmacist to dispense ninety pills to appellant, who was to take one pill three times a day for thirty days. By appellant's own admission, he received a filled prescription from four separate pharmacies within the month of August. By concealing from the respective pharmacies that the prescription had been previously

- 10 -

filled, appellant represented to each pharmacy that the prescription was being filled for the first time and induced the pharmacists to dispense Alprazolam under the terms of the prescription. Under these facts, we conclude that a reasonable trier of fact could find that appellant procured a controlled substance by concealment of a material fact.  We therefore affirm appellant's convictions.

<u>Affirmed.</u>