UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


CLARENCE EPPS, JR.

                                                  MEMORANDUM OPINION[*] BY
v.       Record No. 1301-15-1                     JUDGE TERESA M. CHAFIN
                                                  DECEMBER 13, 2016
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      Charles E. Poston, Judge

        Rachel E. Wentworth, Assistant Public Defender, for appellant.

        Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
        Attorney General; Kathleen B. Martin, Senior Assistant Attorney
        General[1]; on brief), for appellee.


        Following a bench trial, Clarence Epps, Jr. ("appellant") was convicted of obstruction of

justice in violation of Code § 18.2-460(A).[2]  On appeal, appellant argues that the trial court erred in

overruling his motion to dismiss the obstruction of justice charge.

                                        Background

        On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601

S.E.2d 555, 558 (2004).  So viewed, the evidence proved that on April 22, 2014, Wendy

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Kathleen B. Martin became an employee of this Court on August 10, 2016.  She has had
no involvement in the Court's review of this case.

        [2] Appellant was also convicted of felony indecent exposure, however, this Court did not
award appellant an appeal concerning that conviction.

Camacho lived in a duplex across the street from appellant's house. At around 8:30 a.m. that morning, Camacho observed appellant behind his glass storm door. His pants were unzipped, and he was masturbating while simultaneously waving at Camacho. Camacho called the police and sent her daughter, who lived in the other half of the duplex, a text message to alert her to appellant's behavior. Camacho's daughter also observed appellant masturbating. Appellant continued this behavior for four to five more minutes before closing the front door and going inside his house.

In response to Camacho's call, Officer William Landis knocked on appellant's door a short time later. A woman answered the door and explained that appellant was not there. She offered to let Landis look inside of the house, but before he could enter the house, Landis was notified that appellant "had left the scene." Landis left to obtain a warrant for appellant's arrest, and Officer B.G. Ring began searching the area for appellant.

Ring spotted appellant in an alleyway behind his house. Ring followed appellant in his marked police vehicle then got out of his vehicle to pursue appellant on foot. When appellant saw Ring, he changed directions and ignored Ring's orders to stop. Appellant began to run, and Ring chased him for about half of a block. Appellant "finally turned around and squared his body up to [Ring]." Ring described appellant's posture as being "similar to a fighting stance." When Ring pulled out his Taser and gave appellant three verbal warnings to stand down, appellant then "went down to the ground."

At trial, appellant denied turning to face Ring in an aggressive manner before Ring pulled out his Taser. In support of his argument, appellant introduced into evidence a video clip of his apprehension recorded by Ring's body camera. Appellant moved to dismiss the obstruction of

justice charge, arguing that the video corroborated appellant's testimony that he did not face Ring in an aggressive manner and merely ran from Ring.

The trial court denied appellant's motion to dismiss.

Analysis

Appellant contends that the evidence adduced at trial was insufficient to support his conviction of obstruction of justice. According to appellant, the evidence proved only that he ran from the police and disregarded Ring's commands, not that he impeded or prevented the officer from performing his duties. We disagree.

Upon a challenge to the sufficiency of the evidence, "we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009) (citation omitted). Under this highly deferential standard of review, we "presume the judgment of the trial court [is] correct, and will not set it aside unless it is plainly wrong or without evidence to support it." Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In doing so, this Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

Code § 18.2-460(A) provides, in relevant part:

> If any person without just cause knowingly obstructs . . . any
> law-enforcement officer . . . in the performance of his duties as
> such or fails or refuses without just cause to cease such obstruction
> when requested to do so by such . . . law-enforcement officer . . .
> he shall be guilty of a Class 1 misdemeanor.

To violate Code § 18.2-460(A), there need not "be an actual or technical assault upon the officer." Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)). Rather, "'there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action.'" Id. (quoting Jones, 141 Va. at 479, 126 S.E. at 77).

In Thorne v. Commonwealth, 66 Va. App. 248, 784 S.E.2d 304 (2016), a police officer stopped a vehicle that he suspected had illegally tinted windows. Id. at 250-51, 784 S.E.2d at 305-06. He asked the defendant, who was the driver, to roll down her window so he could test it. Id. He also asked the defendant to allow him to see into the back seat for officer safety. Id. The defendant refused to roll down the window, despite being asked at least five times. Id. at 251, 784 S.E.2d at 306. She told the officer that he had no reason to stop her, and yelled repeatedly, "I know my rights!" Id. It was not until backup officers arrived nine minutes later that the defendant complied with the officer's request and allowed him to check the window tint. Id.

This Court affirmed the obstruction of justice conviction in Thorne because of the defendant's unyielding rejection of the officer's request to roll down her window. Id. at 257-58, 784 S.E.2d at 309. This Court found that the defendant's actions "not only constituted repeated refusals to roll down a window but also reflected her clear understanding that she was keeping him from performing his duty." Id. at 258, 784 S.E.2d at 309. The defendant was not "merely making the officer's job more difficult." Id. at 259, 784 S.E.2d at 310. "Because of her behavior, he was entirely unable to perform his duties related to the basis for the traffic stop." Id.

In Molinet v. Commonwealth, 65 Va. App. 572, 580, 779 S.E.2d 231, 235 (2015), this Court similarly found that the defendant's actions prevented the officer from performing his

- 4 -

duties when the defendant approached witnesses being questioned in a police investigation and disregarded the officer's repeated directions to step away. Although the defendant did not touch the officer, he "stepped towards [the officer] in an aggressive, threatening, and angry manner while shouting and cursing." Id. at 580, 779 S.E.2d at 235. We held this evidence was sufficient to allow a rational fact finder to conclude the conduct prevented the officer from performing his duties in violation of Code § 18.2-460(A).

In finding appellant guilty, the trial court stated,

> [w]ith respect to the obstruction charge, Officer Ring was very clear. His testimony was that he was looking for him. He had been chasing him. He even told him to stop. That is not sufficient to complete the charge.
>
> However, Officer Ring testified that [appellant] turned to him in an aggressive stance, which prompted him to draw his Taser. That was enough. I believe Officer Ring. I do not believe [appellant's] testimony in any way. It contradicts the testimony of the Commonwealth's witnesses.

Like the defendant in Molinet, appellant acted aggressively toward Ring when he assumed a "fighting stance." Like the defendant in Thorne, appellant refused to comply with Ring's initial requests. He refused to "stand down" the first two times that Ring asked him to do so.

Appellant's behavior obstructed Ring's performance of his official duties as a law enforcement officer. In order to apprehend appellant, Ring was required to threaten him with the use of force. He was required to remove his Taser and threaten appellant with it in order to coerce him to comply with his orders. Thus, appellant's behavior falls within the range of acts prohibited by Code § 18.2-460(A). Accordingly, we find that a rational factfinder could

conclude that the evidence presented by the Commonwealth was sufficient to support appellant's conviction for obstruction of justice, and we, therefore, affirm the decision of the trial court.

<u>Affirmed.</u>